UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOWARD COHAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE FRESH MARKET, INC.,<br><br>    Defendant. | Civil Action No. 2:18-cv-08883<br>Section:<br>Judge:<br>Magistrate Judge: |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his complaint for declaratory and injunctive relief to remedy discrimination by The Fresh Market, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

4. Defendant is a corporation with its registered office located at 1070-B West Causeway Approach, Mandeville, LA 70471.

1

5.    Upon information and belief, Defendant owns or operates The Fresh Market whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates the above paragraphs by reference.

7.    Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion (shoulder), a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb.

8.    At the time of Plaintiff's initial visit to The Fresh Market (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.104.

9.    Plaintiff was denied full and equal access and enjoyment of the services, goods and amenities due to barriers present at the Facility and a failure of Defendant to make reasonable accommodations.

10.   Plaintiff would return to the Facility if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but he is deterred from returning due to the discriminatory conditions at the Facility.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

11.   Plaintiff incorporates the above paragraphs by reference.

12.   This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C.

§ 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

13.     Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

14.     Plaintiff incorporates the above paragraphs by reference.

15.     The Fresh Market is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

16.     Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

17.     Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

18.     Plaintiff personally encountered architectural barriers on May 9, 2018, at the Facility located at 10555 Perkins Rd, Baton Rouge, LA 70810:

    a.     Indoor Seating Area:

        i.     Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

    b.     Restroom:

i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

ii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§606 and 606.5.

iii. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§609, 609.1 and 609.3.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation of 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§604, 604.7 and 309.4.

vi. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§603, 603.4 and 308.

vii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§603 and 603.3.

viii. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§204, 307, 307.1, 307.2.

      ix.      Failing to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§604 and 604.2.

      x.      Failing to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6.

    c.    Outdoor Seating Area:

      i.      Failing to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§902, 902.2, 305 and 306.

19.    Defendant's policies, practices, or procedures of not training its staff to identify and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible.

20.    Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations located at the Facility due to the barriers and violations listed in this Complaint.

21.    Defendant has failed to remove some or all of the barriers and violations at the Facility.

22.    It would be readily achievable for Defendant to remove all of the barriers at the Facility.

23.    Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

24.    Defendant's failure to modify its policies, practices, or procedures to allow its goods and services to be provided in the most integrated setting is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

**RELIEF REQUESTED**

25.     WHEREFORE, Plaintiff respectfully requests that this Court:

26.     declare that the Facility identified in this Complaint is in violation of the ADA;

27.     declare that the Facility identified in this Complaint is in violation of the ADAAG;

28.     enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

29.     enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

30.     award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

31.     grant any other such relief as the Court deems just and proper.

Respectfully submitted this 25th of September, 2018

*/s/ Keren E. Gesund, Esq.*

Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (702) 300-1180
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff