UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOWARD COHAN                                          CIVIL ACTION

VERSUS                                                NO. 18-8883

FRESH MARKET, INC.                                    SECTION: "B"(1)

## ORDER AND REASONS

Before the Court are defendant Fresh Market, Inc.'s ("Fresh Market") motion to stay proceedings or, in the alternative, for enlargement of time to respond to plaintiff's amended complaint (Rec. Doc. 16), plaintiff's opposition memorandum (Rec. Doc. 19), and Fresh Market, Inc.'s reply (Rec. Doc. 23). Accordingly,

**IT IS ORDERED** that the motion to stay is **GRANTED.**

**FACTS AND PROCEDURAL HISTORY**

Plaintiff is a resident of Palm Beach County, Florida. *See* Rec. Doc. 1 at 1. Fresh Market is a corporation with its registered office located at 1070-B West Causeway Approach, Mandeville, Louisiana. *See id*. Plaintiff brings his claims under Title III Americans with Disabilities Act ("ADA") for alleged barriers to access Fresh Market stores. *See* Rec. Doc. 16 at 1.

Plaintiff has instituted similar litigation against several Fresh Market locations throughout the country, primarily in Florida. *See id*. Each time the parties have successfully entered a confidential settlement agreement to resolved plaintiff's claims. *See id*. Specifcally, on or around October 15, 2018, plaintiff entered

1

multiple settlement agreements. *See* Rec. Doc. 23 at 1. Several of the settlement agreements contain a provision in which plaintiff agrees to provide Fresh Market with notice of any alleged ADA compliance issues at any of its stores and allow Fresh Market 60 days to cure any deficiencies. *See* Rec. Doc. 16 at 1-2. Such notice constitutes a condition precedent to plaintiff filing a lawsuit. *See id*. at 2.

On September 24, 2018, plaintiff filed a complaint for declaratory and injunctive relief highlighting architectural barriers at the Fresh Market store in Baton Rouge. *See* Rec. Doc. 1. In November 2018, Fresh Market notified counsel for plaintiff that it had addressed all purported noncompliance and requested that the instant case be dismissed. *See* Rec. Doc. 19 at 2. In December 2018, plaintiff states that he went to the Fresh Market store in Baton Rouge to investigate the remediation. *See id*. He encounter several remaining barriers. *See id*. Around that same time, plaintiff visited two other Fresh Market stores. *See id*. He encountered architectural barriers similar to the ones he encountered at the Fresh Market store in Baton Rouge. *See id*. On February 13, 2019, plaintiff filed an amended complaint highlighting the remaining architectural barriers at the Fresh Market store in Baton Rouge as well as the newly discovered architectural barriers at the Fresh Market stores in New Orleans and Metairie. *See* Rec. Doc. 13.

On March 15, 2019, Fresh Market filed a motion to stay proceedings, or, in the alternative, for enlargement of time to respond to plaintiff's amended complaint. *See* Rec. Doc. 16. On April 1, 2019, plaintiff filed an opposition memorandum. *See* Rec. Doc. 19. On April 15, 2019, Fresh Market filed a reply. *See* Rec. Doc. 23.

**LAW AND ANALYSIS**

Federal courts have inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). This includes the power to stay proceedings "in the control of its docket and in the interests of justice." *See In re Beebe*, 56 F.3d 1384 (5th Cir. 1995). To establish whether to grant a motion to stay, the Court considers three factors: (1) hardship to the moving party if the action proceeds, (2) prejudice to the non-moving party if the stay is granted, and (3) the interests of judicial economy. *See Magana v. Shore Constr., LLC,* No. 17-1896, 2017 WL 2911353, at *3 (E.D. La. July 6, 2017); *E. Cornell Malone Corp. v. Cont'l Cas. Co.*, No. 13-6807, 2015 WL 222334, at *2 (E.D. La. Jan. 14, 2015); *Marine Power Holding, LLC v. Malibu Boats, LLC*, No. 14-2065, 2014 WL 7139643, at *1 (E.D. La. Dec. 15, 2014). The Court will now analyze each factor to establish whether the facts weigh in favor of granting a stay.

First, as to hardship to Fresh Market if this action proceeds, the Court finds that this factor weighs in favor of granting a stay.

Fresh Market argues that if this action proceeds, it would be forced to incur additional, unnecessary litigation costs and attorneys' fees in defending a premature claim. *See* Rec. Doc. 16 at 5. The claim at issue would appear to effectively re-write the terms of the parties' settlement agreement that obligates plaintiff to give Fresh Market written notice <u>and</u> 60 days to cure purported barriers. *See id*. at 4.

Soon after filing his original complaint regarding the Fresh Market store in Baton Rouge, plaintiff entered into multiple settlement agreements obligating him to give notice to Fresh Market and allow it 60 days to cure the purported barriers at any other Fresh Market locations. *See* Rec. Doc. 16-2 at 4. Fresh Market began repairs at the Fresh Market store in Baton Rouge. *See* Rec. Doc. 23 at 5. Plaintiff then amended his complaint to include other Fresh Market stores. *See* Rec. Doc. 19 at 3. Despite the settlement agreements being in place, with the Fresh Market stores in New Orleans and Metairie, plaintiff failed to give notice to Fresh Market and allow it 60 days to cure the purported barriers as provided in the Settlement Agreement. *See* Rec. Doc. 16-2 at 4. While plaintiff argues that Fresh Market consented to the filing of the amended complaint, Fresh Market claims that it consented procedurally only and reserved its defenses. *See* Rec. Doc. 23 at 3. There appears to be a resolvable breach of the settlement agreement and proceeding with premature claims would cause avoidable hardship. *See*

*Hanover Ins. Co. v. Plaquemines Parish Gov't*, 2015 U.S. Dist. LEXIS 91945 *1, *25 (E.D. La. 2015)(stating that if a provision within an agreement is clear and unambiguous, "the letter of the [provision] should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties.").

Second, as to prejudice to plaintiff if stay is granted, the Court finds that this factor weighs in favor of granting a stay. Plaintiff only states that granting the motion to stay would impact the parties' ability to comply with the discovery deadlines. *See* Rec. Doc. 19 at 6. Plaintiff offers no other allegations to support his position that staying the case will prejudice him. In fact, plaintiff, as a resident of Palm Beach County, Florida, lives hundreds of miles from the purported barriers at the three Fresh Market stores at issue. *See* Rec. Doc. 1 at 1. Accordingly, plaintiff is not likely to suffer prejudice if the instant motion to stay is granted.

Third, as to the interests of judicial economy, the Court finds that this factor weighs in favor of granting a stay. With notice and reasonable time for Fresh Market to cure the purported barriers, the instant claims as well as the claims concerning the Fresh Market Store in Baton Rouge are likely to be moot. Briefly delaying this action would promote economy of time and effort as it would be a

great waste of the everyone's time and resources to prematurely proceed with the instant matter only to have the issues resolved and rendered moot. *See Maples v. Donzinger*, No. 13-223, 2014 WL 688965, at *2 (E.D. La. 2014) citing to Landis, 299 U.S. at 254.

Thus, each factor weighs in favor of granting a stay. Accordingly, the motion to stay is granted, staying this action for 60 days from the date of this order. Plaintiff's claims are limited to the those alleged in his amended complaint. While unnecessary, parties may confer with each other and prepare modification to the instant stay order upon showing good cause, all within 7 days of this order.

New Orleans, Louisiana, this 4th day of June, 2019.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE